**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

```
_____
AARON PENN,                     :
                                :
            Petitioner          :
                                :   NO. 3:CV-07-2135
        -vs-                    :
                                :   (Judge Kosik)
                                :
COMMONWEALTH OF PENNSYLVANIA,   :
et al.,                         :
                                :
            Respondents         :
_____
```

## **MEMORANDUM**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by petitioner Aaron Penn on November 23, 2007. For the reasons which follow, the petition for writ of habeas corpus will be dismissed.

### Background

Petitioner, Aaron Penn, an inmate confined at SCI-Mahanoy, Frackville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 and a memorandum of law in support thereof on November 23, 2007. Along with his petition, petitioner submitted the $5.00 filing fee. Named as respondents were the Commonwealth of Pennsylvania; Attorney Thomas J. Pellish; Pennsylvania State Police Trooper Robert S. Betnar; District Attorney of Schuylkill County James P. Goodman and John Kerestes, Superintendent, SCI - Mahanoy.

In his petition, petitioner argues that he is currently serving a sentence of 16½ to 43 years at SCI - Mahanoy.  He states that while serving the above sentence, petitioner was charged with a violation of the Pennsylvania Crimes Codes for Criminal Solicitation, two Counts of Criminal Conspiracy to Commit Contraband, Tampering with or Fabricating Physical Evidence, and Possession of a Controlled Substance with Intent to Deliver.  He argues that since the filing of the additional charges, he has attempted to file a number of pleadings in the Court of Common Pleas of Schuylkill County, but they were rejected by the state court.  He also argues that he filed a motion to waive counsel and proceed *pro se*.  Petitioner asserts that his Sixth Amendment and Fourteenth Amendment due process rights were violated.  In particular, petitioner argues that his right to self-representation and to waive counsel is being violated by the state court.  He also argues that there was no probable cause to arrest petitioner nor was there a prima facie case established by the Commonwealth.

On November 28, 2007, this court entered an Order directing petitioner to file an amended petition setting forth additional information regarding the procedural history of petitioner's criminal proceedings in state court.  On December 6, 2007, petitioner filed an amended petition.

In his amended petition, petitioner clarifies his earlier petition explaining that he is not challenging a state court conviction, but he is challenging charges filed in the Court of

Common Pleas of Schuylkill County. In conjunction with the pending charges, petitioner filed several *pro se* motions, including a motion to waive counsel and proceed *pro se*. Petitioner is represented by counsel in the criminal case. Petitioner asserts that the court "refuses" to address petitioner's motions, and forwards them to his attorney of record. Petitioner argues that because no state court orders were issued on his motions, he cannot appeal or exhaust his claims. He again states that his Sixth Amendment rights have been violated regarding his right to proceed *pro se*. Petitioner also raises a violation of due process under the Fourteenth Amendment. He argues that there was no probable cause to arrest him and there was no prima facie case established to send the case to trial. In his request for relief, petitioner asks this court to issue a show cause order on the state respondents "to show cause why petitioner is being held in custody in violation of his constitutional rights - and - why the writ should not issue and petitioner discharged from custody."

### Discussion

It is apparent from the documents filed by petitioner that he is seeking this court's intervention into an ongoing state criminal proceeding. As the Third Circuit Court of Appeals pointed out in *Evans v. Court of Common Pleas, Delaware County, PA*, 959 F.2d 1227, 1234 (3d Cir. 1992):

> It is an underlying principle of federal habeas corpus law ever since the decision in *Ex Parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), that "federal habeas

> corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). The rule barring pretrial intervention into pending state criminal proceedings by way of federal habeas corpus or otherwise is premised on the notion of comity, a principle of deference and "proper respect" for state governmental functions in our federal system. *See Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).
>
> In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings. Indeed, the holding in *Younger* that a federal court may not ordinarily enjoin a state criminal proceeding, even when the state court action may be based on an unconstitutional statute, presumes that state courts should be "left free to perform their separate functions in their separate ways." *Id.*

The specific elements for *Younger* abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). All three *Younger* criteria are met here. First, petitioner's claim concerns the pending criminal charges brought against him in the Schuylkill County Court of Common Pleas. Second, based upon the fact that petitioner is attempting to raise issues concerning the validity of his state court case, the proceeding clearly implicates important state interests. Third, the state court system affords petitioner an adequate opportunity

-4-

to raise his federal law issues, such as arrest without probable cause and failure to make out a prima facie case.  Moreover, petitioner has representation by counsel and may raise his Sixth Amendment challenge in state court.

While there are exceptions to the *Younger* doctrine where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief."  *Id.* at 54, these exceptions are to be narrowly construed. *Loftus v. Township of Lawrence Park*, 764 F.Supp. 354, 357 (W.D. Pa. 1991).  Thus, "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Petitioner has failed to show that he falls within any of the narrow exceptions to the *Younger* doctrine.

While petitioner has asserted that he is unable to present his federal claims in his state court proceeding, this is not borne out by the record.  In his amended petition, petitioner states that he was convicted and sentenced in the Court of Common Pleas of Allegheny County in July of 1996 and is presently serving a sentence of 16½ to 43 years.  The instant petition, in

-5-

which petitioner seeks discharge from custody, arises out of ongoing charges in the Court of Common Pleas of Schuylkill County.  Petitioner, who is represented by counsel in Schuylkill County, will have an adequate opportunity to raise his federal issues in the state trial and appellate courts.  *See*, *Moore v. DeYoung*, 515 F.2d 437 (3d Cir. 1975).

Petitioner has requested relief that would clearly interfere with a pending state court criminal proceeding.  Thus, we find dismissal of petitioner's habeas corpus action is warranted.  An appropriate Order will be entered.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| AARON PENN, : | |
| : | |
| Petitioner : | |
| : | NO. 3:CV-07-2135 |
| -vs- : | |
| : | (Judge Kosik) |
| : | |
| COMMONWEALTH OF PENNSYLVANIA, : | |
| et al., : | |
| : | |
| Respondents : | |

_____

## ORDER

AND NOW, this 10th day of January, 2008, IT IS HEREBY ORDERED THAT:

(1) The instant petition for writ of habeas corpus is **DISMISSED**:

(2) The Clerk of Court is directed to **CLOSE** this case; and,

(3) Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

*s/Edwin M. Kosik*
United States District Judge